Danny Alison **MICHEL**, Petitioner,

v.

**Michael B. MUKASEY, United States Attorney General,**[1] **et al., Respondents.**

No. 06–4875–ag.

United States Court of Appeals, Second Circuit.

June 19, 2008.

Lisa R. D'Avolio, Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General; Michelle Gorden LaTour, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Danny Alison Michel, a native and citizen of Haiti, seeks review of a December 20, 2004 order of the BIA affirming the August 6, 2004 decision of Immigration Judge ("IJ") John B. Reid, denying his motion to reopen. *In re Danny Alison Michel,* No. A19 410 782 (B.I.A. Dec. 20, 2004), *aff'g* No. A19 410 782 (Immig. Ct. Batavia, N.Y. Aug. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

As the Government correctly asserts, we lack jurisdiction to review the final order of removal of an alien convicted of a crime relating to a controlled substance, 8 U.S.C. § 1182(a)(2)(A)(i)(II) or "who the consular officer or the Attorney General knows or has reason to believe ... is or has been an illicit trafficker in any controlled substance ... or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled ... substance," 8 U.S.C. § 1182(a)(2)(C). However, we retain jurisdiction to review any "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We have held that such jurisdiction extends to review of "even factual and discretionary decisions of the Attorney General ..., but only to the limited extent that the petition for review of such decisions raises a constitutional claim or a question of law." *Xiao Ji Chen v. U.S. Dept. Of Justice,* 471 F.3d 315, 324 (2d Cir.2006).

Petitioner raises no such claim in this case. Michel argues that while the BIA cited to Dr. Desmangles' declaration in the Record, it effectively disregarded his discussion of Michel's unique circumstances which, in actuality, serve to differentiate him from other deportees. However, the BIA did consider his claim that, as a "djaspo, a Haitian born outside Haiti or who left Haiti at some time in the past," Michel would suffer more than non-*djaspo* Haitian prisoners. Indeed, the BIA noted that Michel's "claim is supported by the statement of Leslie Desmangles," but found that "in this way [Michel] is no different than other criminal deportees." Michel's real complaint appears to be that the BIA did not accord due credit to the statement of Leslie Desmangles. Accordingly, we conclude that Michel's complaint "regarding the extent of the agency's reliance on a report amounts to nothing more than a quarrel over the justification for the discretionary choices made, a decision we cannot review." *Maiwand v. Gonzales,* 501 F.3d 101, 105 (2d Cir.2007) (internal quotations omitted).

Similarly, Michel argues that, while "the BIA purports to have reviewed the statements and deposition testimony included in the record from two other criminal deportees, Gertha Clairville [ ] and Widner Joseph," it misconstrued this evidence. However, the BIA reviewed the evidence and found that "the statements of Gertha Clairville and the deposition of Widener Joseph, who were deported to Haiti, do not indicate that deportees are treated worse than native Haitians in prison." In this example, like the example of the Desmangles declaration, the BIA "explicitly refer-

enced [the evidence] in its opinion," and Michel's "complaint regarding the extent of the agency's reliance on [that evidence] amounts to nothing more than a quarrel over the justification for the discretionary choices made." *Maiwand,* 501 F.3d at 105. Therefore, Michel fails to raise a "question of law" in his petition for review and this Court, as a result, lacks jurisdiction.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).